**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 120766

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Isaac Buchinger, individually and on behalf of others similiarly situated,

Plaintiff,

v.

Credit Management, LP,

Defendant.

Case No:

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

Isaac Buchinger, individually and on behalf of others similiarly situated, (collectively "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Credit Management, LP ("*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for Defendant's violations the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).



Barshay Sanders PLLC

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

5. Plaintiff, Isaac Buchinger is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Upon information and belief, Defendant Credit Management, LP, is a Texas Limited Partnership with a principal place of business in Denton County, Texas.

**THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN**

10. Congress enacted the FDCPA in 1977 upon finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." And that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

11. At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

12. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e).

13. After determining that the existing consumer protection laws were inadequate, id. § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

14. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v.*

Barshay | Sanders PLLC

*Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

15. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

16. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

17. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

18. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

19. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

20. Defendant regularly collects or attempts to collect debts asserted to be owed to others.



Barshay | Sanders PLLC

21. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

22. The principal purpose of Defendant's business is the collection of such debts.

23. Defendant uses the mails in its debt collection business.

24. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

26. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27. The alleged Debt does not arise from any business enterprise of Plaintiff.

28. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

30. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

31. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff in writing, including by letter dated August 4, 2020 (the "Letter"). (A true and accurate copy of the Letter is annexed hereto as "**Exhibit 1**").

32. Upon information and belief, the Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

33. The Letter conveyed information regarding the alleged Debt.

34. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. The Letter was received and read by Plaintiff.

36. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

37. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

38. Plaintiff's injury is "particularized" and "actual" in that the letter that caused the

Barshay Sanders PLLC

injury was addressed and sent to Plaintiff specifically.

39. Plaintiff's injury is directly traceable to Defendant's conduct, because Defendant sent the Letter.

40. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

41. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

42. Plaintiff has been misled by Defendant's actions.

43. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

44. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause him unwarranted economic harm.

45. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

46. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

47. Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

49. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

50. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide the amount of the debt.

51. Additionally, 15 U.S.C. § 1692g(a)(2) requires the written notice provide the name of the creditor to whom the debt is owed.

52. To comply with 15 U.S.C. § 1692g(a)(1), a statement of the amount of the debt



Barshay Sanders PLLC

must clearly, accurate and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual amount of the debt.

53. The Letter claims that Plaintiff owes $191.78 (the "Claimed Amount").

54. To comply with 15 U.S.C. § 1692g(a)(2), a statement of the name of the creditor to whom the debt is owed must clearly, accurate and without ambiguity convey, from the perspective of the least sophisticated consumer, the actual name of the creditor to whom the debt is owed.

55. The Letter claims that Plaintiff owes the Claimed Amount to "Time Warner Cable."

56. Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

57. Plaintiff did not owe the Claimed Amount at the time Defendant sent Plaintiff the Letter.

58. Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

59. In fact, Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect.

60. Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

61. As such, Defendant did not clearly convey, from the perspective of the least sophisticated consumer, the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

62. As such, Defendant did not accurately convey, from the perspective of the least sophisticated consumer, the name of creditor to whom the debt is owed as required by 15 U.S.C. § 1692g(a)(2).

63. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1)-(2) and is liable to Plaintiff therefor.

64. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

66. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.



Barshay Sanders PLLC

67. The Letter claims that Plaintiff owes the Claimed Amount.

68. Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to Defendant for collection.

69. Plaintiff did not owe the Claimed Amount at the time Defendant sent Plaintiff the Letter.

70. Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

71. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

72. Defendant's allegation that Plaintiff owed the Claimed Amount is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

73. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

74. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation of the amount of the alleged Debt and the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

75. Defendant's allegation that Plaintiff owed the Claimed Amount is a false representation and deceptive means made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

76. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor

## **SECOND COUNT**

77. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

78. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

79. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

80. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt"



Barshay | Sanders PLLC

must accurately state the amount of the debt.

81. An overstatement of the amount of a debt violates 15 U.S.C. § 1692g(a)(1).

82. The Letter claims that Plaintiff owed $191.78 (the "Claimed Amount").

83. Plaintiff did not owe the Claimed Amount.

84. Upon information and belief, Plaintiff owed an amount, if any, less than the Claimed Amount.

85. Defendant overstated the amount owed by Plaintiff.

86. Defendant overstated the amount of the alleged debt owed to Time Warner Cable.

87. Defendant's overstatement of the amount owed by Plaintiff violates 15 U.S.C. § 1692g(a)(1).

88. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

89. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

90. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

91. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

92. An overstatement of the amount of a debt is a false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

93. An overstatement of the amount of a debt is a deceptive, misleading and false representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10)

94. Defendant's overstatement of the amount owed by Plaintiff – specifically, that Plaintiff owed the Claimed Amount when Plaintiff owed an amount less, if any, than the Claimed Amount – is a false, deceptive, and misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

95. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.



Barshay Sanders PLLC

**THIRD COUNT**

96. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

97. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

98. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

99. To comply with 15 U.S.C. § 1692g(a)(1), a statement of "the amount of the debt" must accurately state the amount of the debt.

100. A statement of "the amount of the debt," when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

101. The Letter claims that Plaintiff owed the Claimed Amount.

102. Defendant's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692g(a)(1).

103. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

104. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

105. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

106. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false, deceptive and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

107. Defendant's allegation that Plaintiff owed the Claimed Amount, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a false, deceptive, and misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

108. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.



Barshay Sanders PLLC

Barshay | Sanders PLLC

**FOURTH COUNT**

109. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

110. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

111. As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide "the name of the creditor to whom the debt is owed."

112. To comply with 15 U.S.C. § 1692g(a)(2), the written notice must accurately state "the name of the creditor to whom the debt is owed."

113. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

114. The Letter claims the name of the creditor to whom the alleged Debt is owed is Time Warner Cable (the "Putative Creditor").

115. Plaintiff did not owe the alleged Debt to the Putative Creditor.

116. Upon information and belief, the creditor to whom the alleged Debt was owed to if any, creditor at all was "Spectrum."

117. The Putative Creditor never offered to extend credit to Plaintiff.

118. The Putative Creditor never extended credit to Plaintiff.

119. Plaintiff was never involved in any transaction with the Putative Creditor

120. Plaintiff never entered into any contract with the Putative Creditor

121. Plaintiff never did any business with the Putative Creditor.

122. Plaintiff was never indebted to the Putative Creditor

123. The Putative Creditor is a stranger to Plaintiff.

124. Defendant's statement that the Putative Creditor is "the name of the creditor to whom the debt is owed," when the Putative Creditor is not the name of the creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692g(a)(2).

125. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

126. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

127. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

128. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false, deceptive, and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

129. Defendant's allegation that Plaintiff owed a debt to the Putative Creditor, when Plaintiff did not owe a debt to the Putative Creditor, is a false, deceptive and misleading representation made by Defendant in connection with Defendant's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

130. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

131. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692f(1) and 1692e and is liable to Plaintiff therefor.

**FIFTH COUNT**

132. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

133. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL§349.

134. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer. debts incurred principally or wholly by natural persons. On information and belief, defendant mails or causes to be mailed to natural persons within New York State each year hundreds of letters similar to the ones sent to plaintiffs.

135. That defendant's letter is deceptive and misleading in that the least sophisticated consumerwould be lead to believe, erroneously, that the he must dispute the debt in writing in order to prevent defendant from assuming that the debt is valid.

136. That defendant's letter is deceptive and misleading for the further reason that the least sophisticated consumer would be lead to believe, erroneously, that in order to obtain verification of the debt, he may dispute the debt orally and at any time.



Barshay | Sanders PLLC

137. That defendant's letter is deceptive and misleading for the further reason that defendant sent its letter to Hooks, well knowing that he was represented by counsel in the matter.

138. That plaintiffs suffered anxiety, distress, annoyance, harassment and abuse upon receipt of defendant's letter.

139. That defendant is therefore in violation of NYGBL §349(a) and liable to plaintiffs under NYGBL §349(h).

**CLASS ALLEGATIONS**

140. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer classes (the "Class") consisting of:

a. All consumers who have an address the State of New York.

b. who were sent a collection letter from the Defendant

c. attempting to collect a consumer debt

d. which states"the name of the creditor to whom the debt is owed," when the Creditor is not the name of the creditor to whom the alleged Debt is owed.

e. Which lists the "creditor to who the debt is owed" as Time Warner Cable when the correct creditor, if any was Spectrum.

f. which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

141. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

142. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

143. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit 1, violates the FDCPA for the reasons set forth herein.

144. The Plaintiffs' claims are typical of the class members, as all are based upon the



Barshay Sanders PLLC

same facts and legal theories.

145. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint.

146. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

147. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. Numerosity: The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. Common Questions Predominate: Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit 1, violates the FDCPA.

c. Typicality: The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. Adequacy: The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. Superiority: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would



Barshay Sanders PLLC

engender.

148. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

149. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

150. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

151. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

Barshay | Sanders PLLC

**JURY DEMAND**

152. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and
b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;
c. Finding Defendant's actions violate the FDCPA; and
d. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and
e. Awarding Plaintiff actual damages in an amount to be determined at trial as provided under 15 U.S.C §1692k(a)(1) and NYGBL §349; and

f. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

g. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: July 14, 2021

**BARSHAY SANDERS, PLLC**

By: _/s Kara S. McCabe_
Kara S. McCabe, Esq.
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Email: *kmccabe@barshaysanders.com*
Tel: 516-203-7600
Fax: 516-282-7878
*Attorneys for Plaintiff*
Our File No.: 120766

Barshay Sanders PLLC